IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONUTTI IP, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4216-JLF |
| ) | |
| ARTHROCARE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Amend the Complaint filed plaintiff, Bonutti IP, LLC., on June 22, 2006 (Doc. 14).  The motion is **GRANTED**.

**BACKGROUND**

The plaintiff seeks to amend its complaint in order to change the naming of the plaintiff from Bonutti IP, LLC to MarcTec, LLC.  The proposed amended complaint submitted to chambers substitutes Marctec for Bonutti and adds no substantive claims or facts.

The defendant objects to the amendment and states that it is with insufficient information to determine whether the change in name affects the plaintiff's claims and its corresponding defense.  The defendant points out that one of its defenses is that the plaintiff does not own the patents in question.  The defendant states that is unsure whether the amendment is an attempt to eviscerate this defense or other defenses or whether it is merely a ministerial attempt to re-name the plaintiff.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."  Guise

v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).  The granting or denying of a motion to amend is reviewed for an abuse of discretion.  Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

The plaintiff has represented to the Court that the motion to amend was filed "solely to reflect its name change to MarcTec, LLC."  While the defendant may have lingering questions regarding the ramifications of such a name change to the issues that are before the Court, such questions are more appropriately raised in a motion to dismiss or some other dispositive motion.  As leave is freely given and the defendant has offered no evidence that the amendment will be futile or cause it prejudice, the motion is **GRANTED**.  The plaintiff **SHALL** file its amended complaint by **July 14, 2006**.

## CONCLUSION

For the reasons set forth above, the Motion to Amend the Complaint filed plaintiff, Bonutti IP, LLC., on June 22, 2006 is **GRANTED** (Doc. 14).


**DATED: July 10, 2006**

                                              **s/ Donald G. Wilkerson**
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**